UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------
IN RE:                                )    CASE NO.   06-31253 (ASD)
                                      )
JOHN H. PECK, JR.,                    )    CHAPTER   7
                                      )
         DEBTOR.                      )    Re: Doc. I.D. No.  62
-------------------------------------------------
```

**BRIEF DECISION AND ORDER
ON AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The matter now before the Court presents itself under somewhat unusual procedural circumstances. On September 20, 2006, a creditor, Genevieve Padzinski (hereafter, the "Movant"), filed with the Clerk a <u>Motion for Relief From the Automatic Stay</u>, Doc. I.D. No. 58, (hereafter, the "Initial Motion"), seeking relief from the automatic stay of Section 362(a) "to allow her to pursue claims against the Debtor's insurer, Philadelphia Indemnity Insurance Company (hereafter, "Philadelphia")", Initial Motion ¶ 3, further representing that she "intends to seek a judgment against the Debtor solely to pursue her rights against [Philadelphia]". Initial Motion ¶ 4. The Initial Motion was scheduled for a hearing to be held October 4, 2006 (hereafter, the "Initial Hearing"). However, on September 22, 2006, the Movant filed an <u>Amended Motion for Relief From  the Automatic Stay</u> (hereafter, the "Amended Motion"), Doc. I.D. No. 62, seeking relief, as to Philadelphia, identical to the relief sought in the Initial Motion, and requesting additional relief to pursue "such remedies as may be available through the State of Connecticut Judicial Branch's client security fund  . . . ."  The Clerk, treating the Amended Motion as one superseding the Initial Motion, marked the Initial Hearing "off" and scheduled a hearing on the Amended Motion for October 11, 2006 (hereafter, the "Rescheduled Hearing "). On October 11,

2006, the Clerk having been advised that the Movant intended to prosecute the Amended Motion pursuant to this Court's Contested Matter Procedure (a/k/a Bar Date Procedure), marked the Rescheduled Hearing "off". On October 12, 2006, pursuant to the Contested Matter Procedure, the Movant filed a Notice of Bar Date Certification.

On October 19, 2006, Philadelphia filed an Objection to Motion for Relief From Stay (hereafter, the "Objection"), Doc. I.D. No. 77, alleging, *inter alia*, "no insurance coverage exists with respect to the Movant's claims against the Debtor." Objection ¶ 4. See also ¶¶ 5 - 9.[1] Under ordinary circumstances the filing of the Objection would have triggered a review of the papers by the Court and/or the scheduling of a hearing on the Amended Motion and the Objection. However, due to the pendency on October 19, 2006, of a Court's Motion to Strike Pleading for Failure to Comply with this Court's Administrative Procedures (hereafter, the "Motion to Strike"), Doc. I.D. No. 78, no such hearing was scheduled. On November 8, 2006, following a hearing, the Motion to Strike was denied. See Margin Order Doc. I.D. No. 92. Finally, on the record of November 22, 2006, counsel for the Movant, appearing in connection with another matter, inquired of the status of the Initial Motion, the Amended Motion, and the Objection. Against this background the Court, now having reviewed the entire record including specifically the Objection, is of the view that relief on the Amended Motion is appropriate. In accordance with which:

**IT IS HEREBY ORDERED** that the automatic stay of Section 362(a) is modified to permit the Movant to commence and/or continue to prosecute to conclusion her state court

---

[1]The Objection incorrectly assumes the relief requested in the Amended Motion "places the bankruptcy estate at substantial risk", Objection ¶ 8, by its seeking "the entry of a substantial money judgment against the Debtor's estate." *Id*. ¶ 9.

lawsuit against the Debtor alleging malpractice, embezzlement and theft as described in the Amended Motion (hereafter, the "State Court Action"), see Amended Motion at ¶ 1, but *limited to and only to establish liability as a prerequisite to seeking a monetary recovery from Philadelphia*, as the Debtor's insurance carrier, and

**IT IS FURTHER ORDERED** that nothing in this order is intended to limit or preclude Philadelphia from asserting any defense (other that the automatic stay of Section 362(a)) in the State Court Action, including but not limited to, defenses raised in the letter dated December 12, 2005, addressed to Johnathan J. Einhorn, Esq. from James V. Sommers attached as an Exhibit to the Objection, and

**IT IS FURTHER ORDERED** that the automatic stay of Section 362(a) is modified to permit the Movant to pursue such remedies as may be available through the State of Connecticut's Client Security Fund *limited to a monetary recovery from that Fund.*

Dated: November 27, 2006                                                                  BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge